# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: September 28, 2023

```
*  *  *  *  *  *  *  *  *  *  *  *  *
```
LYDIA M. GOODE,                              *
                                             *
                   Petitioner,               *          No. 21-1307V
                                             *
v.                                           *          Special Master Gowen
                                             *
SECRETARY OF HEALTH                          *
AND HUMAN SERVICES,                          *
                                             *
                   Respondent.               *
```
*  *  *  *  *  *  *  *  *  *  *  *  *
```

*Leigh Finfer*, Muller Brazil, LLP, Dresher, PA, for petitioner.
*Emily Manoso*, U.S. Department of Justice, Washington, D.C., for respondent.

## DECISION ON STIPULATION[1]

On May 3, 2021, Lydia M. Goode ("petitioner") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34.[2] Petition (ECF No. 1). Petitioner alleges that, as a result of receiving the tetanus vaccine on June 13, 2018, she developed transverse myelitis. *Id.*

On September 28, 2023, respondent filed a stipulation providing that a decision should be entered awarding compensation to petitioner. Stipulation (ECF No. 41). Respondent denies that the tetanus vaccine caused petitioner's alleged injury or any other injury or petitioner's current disabilities. *Id.* at ¶ 6. Nevertheless, maintaining their respective positions, the parties now agree

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I am required to post it on the website of the United States Court of Federal Claims. The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7. **This means the opinion will be available to anyone with access to the Internet.** Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). "An objecting party must provide the court with a proposed redacted version of the decision." *Id.* **If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.** *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

that the issues between them shall be settled and that a decision should be entered awarding petitioner compensation according to the terms of the stipulation attached hereto as Appendix A. *Id.* at ¶ 7.

The stipulation provides:

1) **A lump sum of $86,775.00 in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

Accordingly, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of the stipulation and this decision.[3]

**IT IS SO ORDERED.**

<u>s/Thomas L. Gowen</u>
Thomas L. Gowen
Special Master

---

[3] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review.  Vaccine Rule 11(a).

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

LYDIA M. GOODE,                    )
                                   )
        Petitioner,                )        No. 21-1307V
                                   )        Special Master Gowen
    v.                             )
                                   )
SECRETARY OF HEALTH AND            )
HUMAN SERVICES,                    )
                                   )
        Respondent.                )
                                   )

## STIPULATION

The parties hereby stipulate to the following matters:

1.  Petitioner, Lydia M. Goode, filed a petition for vaccine compensation under the
National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine
Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt
of the tetanus vaccine, which vaccine is contained in the Vaccine Injury Table (the "Table"), 42
C.F.R. § 100.3 (a).

2.  Petitioner received the vaccine on or about June 13, 2018.

3.  The vaccine was administered within the United States.

4.  The petition alleges that petitioner suffered transverse myelitis ("TM") that was
caused-in-fact by the tetanus vaccine. Petitioner further alleges that petitioner experienced the
residual effects of this condition for more than six months.

5.  Petitioner represents that there has been no prior award or settlement of a civil action
for damages arising out of the alleged vaccine injury.

6.   Respondent denies that the tetanus vaccine caused petitioner's alleged injury or any other injury or petitioner's current disabilities.

7.   Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8.   As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of **$86,775.00** in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).

9.   As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in any proceeding upon this petition.

10. Petitioner and petitioner's attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis, and

2

represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g).

11. Payment made pursuant to paragraph 8 and any amounts awarded pursuant to paragraph 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. In return for the payments described in paragraphs 8 and 9, petitioner, in petitioner's individual capacity, and on behalf of petitioner's heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the United States Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the tetanus vaccination administered on June 13, 2018, as alleged by petitioner in a petition for vaccine compensation filed on or about May 3, 2021, in the United States Court of Federal Claims as petition No. 21-1307V.

3

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the United States Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the tetanus vaccine caused petitioner's alleged injury or any other injury or petitioner's current condition.

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

4

Respectfully submitted,

**PETITIONER:**

_LYDIA M. GOODE_
LYDIA M. GOODE

**ATTORNEY OF RECORD FOR PETITIONER:**

_LEIGH A. FINFER_
LEIGH A. FINFER
Muller Brazil
715 Twining Road, Suite 208
Division Dresher, PA 19025
215-885-1655

**AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:**

Henry P.       Digitally signed by
by             Henry P. Mcmillan -S3
Mcmillan -S3   Date: 2023.09.11
               16:16:18 -04'00'

CDR GEORGE REED GRIMES, MD, MPH
Director, Division of Injury
 Compensation Programs
Health Systems Bureau
U.S. Department of Health
 and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08-N146B
Rockville, MD 20857

Dated: September 28, 2023

**AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:**

_HEATHER L. PEARLMAN_
HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

**ATTORNEY OF RECORD FOR RESPONDENT:**

_EMILY H. MANOSO_
EMILY H. MANOSO
Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 305-3912

5

## Vinesign

**Verification Complete**
The document has been officially verified

| | |
|---|---|
| **Document Status** | ✔ Signed & Verified |
| **Document Name** | Stipulation - Lydia Goode |
| **Sender Name** | Muller Brazil |
| **Document Key** | B6F22AFD-E3E8-4CBB-AC60-B53028116AFD |

**Recipient 1**
Lydia Goode
razzemtaz@aol.com
(336) 282-2028
Order 1

**IP Address**
173.94.134.238

**Signature**
*Lydia M Goode*

## Document History

| Activity | Date & Time | Recipient | Activity Details |
|---|---|---|---|
| **Document Completed** (Matching Hash) | 09/20/2023 02:20 UTC | Lydia Goode | Signed by Lydia Goode (razzemtaz@aol.com)<br>**Blockchain Block** VVjp60ZSDSH3SwWtxbKfLsyuCvnp0kvV7pC5ftxmQ6A=<br>**Document Hash** 32A7S4247DB117CDF1F5B6837BCAF727860BAFE3456D4AE8DA1AECB600CC3C52<br>**Timestamp** 09/20/2023 02:20 UTC |
| **Document Viewed** | 09/20/2023 02:14 UTC | Lydia Goode | Viewed by Lydia Goode (razzemtaz@aol.com) |
| **Document Sent** | 09/19/2023 17:19 UTC | Lydia Goode | Sent out via email to Lydia Goode (razzemtaz@aol.com) |
| **Document Sent** | 09/19/2023 17:19 UTC | Lydia Goode | Sent out via text to Lydia Goode ((336) 282-2028) |
| **Document Created** | 09/19/2023 17:19 UTC | | Created by Muller Brazil (medicalrecords@myvaccinelawyer.com) |